UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:20-CR- 282 |
| | : | |
| v. | : | (JUDGE            ) |
| | : | |
| SCOTT MARINELLI, | : | |
| Defendant | : | Filed under seal |

## INDICTMENT

COUNTS 1 THROUGH 6
(Wire fraud)

THE GRAND JURY CHARGES:

INTRODUCTION

At times material to this Indictment:

1. The defendant, SCOTT MARINELLI, had an ownership interest in and operated Mountain Lakes Abstract Company, Inc. ("Mountain Lakes"), an abstract company located in Pocono Pines, Monroe County, within the Middle District of Pennsylvania, from in or about June 2017 until January 2019. Mountain Lakes provided real estate title issuing services, among other things.

2. Victim #1, Victim #2 and Victim # 3 were each individuals who intended to sell certain real estate properties for a profit.

3. LendingHome Funding Corporation ("LendingHome") is a mortgage lender located in San Francisco, California. LendingHome provides mortgage lending and underwriting services, among other things.

## SCHEME AND ARTIFICE TO DEFRAUD

4. Beginning on an unknown date, but at least by in or about November 2017, and continuing through in or about January 2019, in the Middle District of Pennsylvania and elsewhere, MARINELLI knowingly devised, intended to devise, and participated in a scheme and artifice to defraud victims who intended to sell real estate for profit, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

It was part of the scheme that:

5. Victim #1, Victim #2, and Victim #3 hired Mountain Lakes and MARINELLI to sell certain real estate properties owned by Victim #1, Victim #2, and Victim #3, located in the Middle District of Pennsylvania.

6. While operating Mountain Lakes, MARINELLI acted as a real estate broker and title agent for Victim #1, Victim #2, and Victim #3.

7. Victim #1 provided MARINELLI with a list of approximately 20 separate real estate properties that Victim #1, Victim #2, and Victim #3 were offering for sale, including:

    a. 1437 Waterfront Drive, Tobyhanna, Pennsylvania 18466 owned by Victim #1 (the "Waterfront Drive Property");

    b. 6391 Cherokee Trail, Tobyhanna, Pennsylvania 18466 owned by Victim #1 (the "Cherokee Trail Property");

    c. 239 Dorset Road, Tobyhanna, Pennsylvania 18466 owned by Victim #1 (the "Dorset Road Property");

    d. 2926 Melody Lane, Tobyhanna, Pennsylvania 18466 owned by Victim #1 (the "Melody Lane Property");

    e. 224 Sand Spring Road, Cresco, Pennsylvania 18326 owned by Victim #2 (the "Sand Spring Road Property"); and

  f. 1117 Cambell Way, Tobyhanna, Pennsylvania 18466 owned by Victim #1 and Victim #3 (the "Cambell Way Property").

8. MARINELLI, who was not a licensed real estate broker, identified and negotiated with a potential purchaser ("Buyer") of the 6 properties ("Properties") listed above. MARINELLI informed the Buyer that Victim #1, Victim #2 and Victim #3 agreed to sell the Properties to the Buyer, when in fact they had not entered into an agreement to sell the Properties to the Buyer.

9. The Buyer agreed to purchase the Properties and MARINELLI did not tell Victim #1, Victim #2 and Victim # 3 that Buyer entered into sales agreements for the 6 properties.

10. MARINELLI communicated with LendingHome to obtain mortgages on behalf of the Buyer for the Properties using the identities of multiple individuals without their permission.

11. MARINELLI, who was not a licensed title agent, fraudulently used the identity of a licensed Pennsylvania title agent to conduct the real estate closings on the Properties.

12. MARINELLI, who was not a licensed Notary Public, fraudulently used the identity of a licensed Pennsylvania Notary Public to conduct the real estate closings.

13. MARINELLI falsified signatures on deed documents in order to receive money from LendingHome's bank account held at Wells Fargo, San Francisco, California into the Mountain Lakes bank account, held at PNC Bank in Pocono Pines, Pennsylvania.

14. LendingHome issued mortgages to Buyer for the purchase and improvement of the Properties based upon the fraudulent documents.

15. MARINELLI held real estate closings for the properties listed above and consummated the sale of those properties, without the knowledge or consent of Victim #1, Victim # 2, or Victim # 3.

16. MARINELLI failed to turn over the proceeds from the real estate transactions to Victim #1, Victim # 2, and Victim #3.

STATUTORY ALLEGATION

17. On or about each of the dates set forth below, in the Middle District of Pennsylvania and elsewhere, the defendant,

SCOTT MARINELLI,

for the purpose of executing the above-described scheme and artifice to defraud, caused to be transmitted by means of wire communication in interstate commerce certain monies from Wells Fargo, San Francisco, California to PNC Bank, Pocono Pines, Monroe County, Pennsylvania, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1 | 1/31/2018 | $56,330.23- Waterfront Drive Property |
| 2 | 2/23/2018 | $51,168.67- Cherokee Trail Property |
| 3 | 2/23/2018 | $40,140.17- Dorset Road Property |
| 4 | 2/27/2018 | $21,024.17- Melody Lane Property |
| 5 | 3/8/2018 | $64,828.75- Sand Spring Road Property |
| 6 | 4/9/18 | $48,347.51- Cambell Way Property |

All in violation of Title 18, United States Code, Section 1343.

THE GRAND JURY FURTHER CHARGES:

## COUNT 7
(Aggravated Identity Theft)

On or about January 31, 2018, in the Middle District of Pennsylvania and elsewhere, the defendant,

SCOTT MARINELLI,

did knowingly use, without lawful authority, a means of identification of another person, to wit: Victim # 1's name, during and relation to another felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

THE GRAND JURY FURTHER CHARGES:

## COUNT 8
(Aggravated Identity Theft)

On or about February 21, 2018, in the Middle District of Pennsylvania and elsewhere, the defendant,

SCOTT MARINELLI,

did knowingly use, without lawful authority, a means of identification of another person, to wit: Victim # 1's name, during and relation to another felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

THE GRAND JURY FURTHER CHARGES:

## COUNT 9
(Aggravated Identity Theft)

On or about February 23, 2018, in the Middle District of Pennsylvania, the defendant,

SCOTT MARINELLI,

did knowingly use, without lawful authority, a means of identification of another person, to wit: Victim #1's name, during and relation to another felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

THE GRAND JURY FURTHER CHARGES:

COUNT 10
(Aggravated Identity Theft)

On or about February 23, 2018 in the Middle District of Pennsylvania, the defendant,

SCOTT MARINELLI,

did knowingly use, without lawful authority, a means of identification of another person, to wit: Victim #1's name during and relation to another felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

THE GRAND JURY FURTHER CHARGES:

## COUNT 11
(Aggravated Identity Theft)

On or about March 6, 2018 in the Middle District of Pennsylvania, the defendant,

## SCOTT MARINELLI,

did knowingly use, without lawful authority, a means of identification of another person, to wit: Victim # 2's name during and relation to another felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).


THE GRAND JURY FURTHER CHARGES:

## COUNT 12
(Aggravated Identity Theft)

On or about March 30, 2018 in the Middle District of Pennsylvania, the defendant,

## SCOTT MARINELLI,

did knowingly use, without lawful authority, a means of identification of another person, to wit: Victim #1's and Victim # 3's names during and relation to another felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

THE GRAND JURY FINDS:

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 through 6 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1343, the defendant,

**SCOTT MARINELLI,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses.

By virtue of the commission of the offenses charged in Counts 1 through 6 of this Indictment by the defendant, Scott Marinelli, any and all right, title, and interest the defendant may have had in any of the property involved in or traceable to the offenses alleged in Counts 1 through 6 of this Indictment, is vested in the United States and is hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

If any of the property involved in or traceable to the offenses alleged in Counts 1 through 6 of this Indictment, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been comingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

A TRUE BILL



DAVID J. FREED
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF PENNSYLVANIA

BY:

Dated: 11-3-20

*Jenny P. Roberts*
JENNY P. ROBERTS
Assistant United States Attorney